IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| TODD M. MILANOWSKI, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 13-cv-636 |
| SPEEDPLAY, INC., | § § | **TRIAL BY JURY DEMANDED** |
| Defendant. | § § § | |

**COMPLAINT**

Plaintiff Todd M. Milanowski, by his attorneys, Quarles & Brady LLP, hereby states his Complaint against Defendant Speedplay, Inc. ("Speedplay") as follows:

**THE PARTIES**

1.      Mr. Milanowski is an individual residing at 520 Spring Street, Spring Green, Wisconsin 53588.

2.      Upon information and belief, Speedplay is a California corporation with its principal place of business at 10151 Pacific Mesa Boulevard, Suite 107, San Diego, California 92121.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Speedplay because Speedplay engages in substantial business within the State of Wisconsin and within the Western District of

Wisconsin. Speedplay has caused and is causing injury and damages within Wisconsin and this judicial district by making, using, offering to sell, selling, and/or importing infringing products within Wisconsin and this judicial district; and/or as a result of making, using, offering to sell, selling, and/or importing infringing products outside of Wisconsin and this judicial district that are used and/or consumed within Wisconsin and this judicial district. In particular, upon information and belief, at least 13 retailers within a 25-mile radius of Madison, Wisconsin offer to sell and/or sell Speedplay's infringing products. By engaging in substantial business within Wisconsin and this judicial district, Speedplay has derived and continues to derive considerable revenue from infringing products that are sold, used, and/or consumed therein and will continue to do so unless enjoined by this Court.

5. Venue in the Western District of Wisconsin is proper under 28 U.S.C. §§ 1391 and 1400(b) because Speedplay has committed acts of infringement within this judicial district.

**FACTS GIVING RISE TO THIS ACTION**

6. Mr. Milanowski is the owner of the entire right, title, and interest in and to United States Patent No. 7,013,754 ("the '754 Patent"), entitled "Bicycle Pedal Adapter," which duly, properly and legally issued on March 21, 2006. A true and correct copy of the '754 Patent is attached hereto as Exhibit A.

7. Many bicycle riders prefer to use clipless bicycle pedals for racing and operation over rough terrain. Clipless bicycle pedals are pedals that have locking mechanisms that engage the cleats on the bottom of special shoes worn by a bicycle rider, allowing for a tight fit between the shoes and the pedal and thereby providing for efficient pedaling.

-3-

8. However, if said bicycle rider wishes to go on a short or relaxing bicycle ride and does not want to wear special bicycle shoes, he or she is required to either change bicycle pedals, a time-consuming process, or use a different bicycle, which is costly.

9. The '754 Patent discloses a bicycle pedal assembly and bicycle pedal adapter for use on a bicycle, eliminating the need for special bicycle shoes to be worn.

10. The claims in the '754 Patent are novel, nonobvious, and useful.

11. There are no acceptable non-infringing alternatives to the invention claimed in the '754 Patent.

12. Upon information and belief, Speedplay makes, uses, offers to sell, sells, and/or imports, and/or has made, used, offered to sell, sold, and/or imported, within the United States products, including the "Platformer" bicycle pedal adapter, that infringe at least Claims 1 and 9 of the '754 Patent.

13. Pursuant to 35 U.S.C. § 287, Mr. Milanowski has provided notice to Speedplay of the existence of the '754 Patent and of Speedplay's infringement thereof.

## COUNT I
### Direct Infringement of U.S. Patent No. 7,013,754

14. Mr. Milanowski realleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15. By making, using, offering to sell, selling, and/or importing within the United States the "Platformer" bicycle pedal adapter, Speedplay has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least Claim 9 of the '754 Patent in violation of 35 U.S.C. § 271(a).

-3-
QB\661071.00002\22531415.1

16. Upon information and belief, Speedplay's infringement has been intentional, willful, and in reckless disregard of Mr. Milanowski's rights.

17. Speedplay's infringement has caused, and unless enjoined by this Court will continue to cause, Mr. Milanowski to suffer irreparable harm for which he cannot be adequately compensated by a monetary award.

18. Speedplay's infringement has caused Mr. Milanowski to suffer substantial injury for which he is entitled to damages adequate to compensate him.

## COUNT II
### Indirect Infringement of U.S. Patent No. 7,013,754

19. Mr. Milanowski realleges and incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. By offering to sell, selling, and/or importing within the United States the "Platformer" bicycle pedal adapter, Speedplay has actively induced and/or contributed to, and continues to actively induce and/or contribute to, infringement of at least Claim 1 of the '754 Patent in violation of 35 U.S.C. § 271(b) and/or (c).

21. Upon information and belief, Speedplay's indirect infringement has been intentional, willful, and in reckless disregard of Mr. Milanowski's rights.

22. Speedplay's indirect infringement has caused, and unless enjoined by this Court will continue to cause, Mr. Milanowski to suffer irreparable harm for which he cannot be adequately compensated by a monetary award.

23. Speedplay's indirect infringement has caused Mr. Milanowski to suffer substantial injury for which he is entitled to damages adequate to compensate him.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Milanowski respectfully requests relief from this Court as follows:

a. A judgment that Speedplay has directly infringed and is directly infringing the '754 Patent in violation of 35 U.S.C. § 271(a);

b. A judgment that Speedplay has actively induced and is actively inducing infringement of the '754 Patent in violation of 35 U.S.C. § 271(b);

c. A judgment that Speedplay has contributed to and is contributing to infringement of the '754 Patent in violation of 35 U.S.C. § 271(c);

d. An injunction under 35 U.S.C. § 283 that temporarily and permanently enjoins Speedplay, including its officers, agents, employees, and representatives, and those acting in privity and/or concert with Speedplay, from further infringement of the '754 Patent for the full term thereof;

e. An award of damages to Mr. Milanowski under 35 U.S.C. § 284 that is adequate to compensate for Speedplay's infringement of the '754 Patent, but in no event less than a reasonable royalty for the use made by Speedplay of Mr. Milanowski's invention, and that is trebled, together with pre- and post-judgment interest and costs;

f. A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs to Mr. Milanowski pursuant to 35 U.S.C. § 285; and

g. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Mr. Milanowski demands a trial by jury on all issues properly tried thereto.

-6-

Dated this 12th day of September, 2013.  /s/ *Anthony A. Tomaselli*
Anthony A. Tomaselli
aat@quarles.com
Stacy A. Alexejun
stacy.alexejun@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: 608.251.5000
Fax: 608.251.9166

***Attorneys for Plaintiff Todd M. Milanowski***